**In re Michael CARNEY, Cecelia M. Carney, Debtors.**

**Bankruptcy No. 83–01715–JG.**

United States Bankruptcy Court, D. Massachusetts.

March 13, 1985.

hard to prove, the secret state of mind may be laid bare, if at all, by reference to the acts of its creator").

Henry Ellis, Assiran & Ellis, Taunton, Mass., for debtors.

Frederick Torphy, Fall River, Mass., for Crosson Oil Co.

Arthur Bakst, Fall River, Mass., for Thomas Souza and Colony Ford Sales.

## MEMORANDUM

JAMES N. GABRIEL, Bankruptcy Judge.

Before the Court is the Debtor's Motion to Avoid Judicial Liens. Four of the five alleged lienholders-Thomas Souza, Charles Cain, Colony Truck Sales, Inc., and Crosson Oil Company—filed objections to the Motion. A hearing was held, at which time the case was submitted on agreed facts. The creditor National Bank of Fairhaven did not file an opposition and did not appear at the scheduled hearing. The Motion was allowed as to the Bank by default. Therefore, this opinion concerns only the four remaining creditors who filed oppositions.

The debtors, Michael and Cecilia Carney, filed a voluntary chapter 7 petition on December 12, 1983. On Schedule B–2 the debtors list as an asset the real estate located at 220 Sawdy Drive, Westport, Massachusetts. It is agreed by all interested parties that as of the date of the bankruptcy petition and the hearing date the property had a value of $59,000. The outstanding mortgage balance as of this date was approximately $35,000. The debtors claimed $12,500 as their exempt equity in their residence pursuant to 11 U.S.C. § 522(d)(1).

The history of the numerous other relevant liens is as follows. Crosson Oil obtained a $42,000 attachment against the debtor's real estate on March 21, 1978, and the writ was recorded on March 22, 1978. Judgment was entered against the debtor in the amount of $16,000 and execution in the sum of $16,000 issued on September 28, 1979. The debtor agreed to make payments but reneged. The execution was recorded in the Registry of Deeds on March 11, 1980. Thomas Souza obtained an attachment against debtor's property on April 3, 1978 in the sum of $12,000 and the writ was recorded the same day. Judgment entered against Carney on July 18, 1978 in the amount of $3700. The execution issued on August 11, 1978 and was recorded on November 29, 1978. Charles Cain d/b/a John W. Cain & Son obtained

judgment against Carney in the amount of $3993.85 on August 21, 1979. No attachment had been granted in the action. Execution issued on August 21, 1979 in the sum of $3993.85. The execution was recorded on September 7, 1979. Colony Ford Truck Sales, Inc. obtained judgment against Carney on June 27, 1979 in the sum of $10,103.34, obtained execution in the same amount on October 10, 1979, and recorded its execution on October 16, 1979.

The issue presented is whether the debtor may avoid these judicial liens pursuant to 11 U.S.C. § 522(f)(1).

## DISCUSSION

11 U.S.C. § 522(f) provides:

"Not withstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
(1) a judicial lien;"

A judicial lien is "a lien obtained by judgment, levy or sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(27). Section 522(d)(1) gives each debtor in a joint case a $7500 exemption in their real estate which serves as their residence. In order to avoid a judicial lien on the basis that it impairs a debtor's exemption, the debtor must show that he has exemption rights which are impaired by the existence of valid judicial liens. *In Re Butler*, 5 B.R. 360 (Bankr.Md.1980). Where a judgment lien is unenforceable by reason of non-compliance with state law, there is no lien to avoid. *In Re Earnhardt*, 15 B.R. 86, 87 (Bankr.D.S.C.1981). Where a judgment lien creditor fails to take appropriate steps under state law to preserve an unsatisfied execution, the alleged encumbrance is voidable by the bankruptcy trustee pursuant to his status as judgment lien creditor and a bona fide purchaser as of the commencement of the case pursuant to 11 U.S.C. § 544(a)(1) and (3). *See In Re Coffey*, 21 B.R. 804, 805–06 (Bankr.E.D.Tenn.1982). Thus, the Court

must look to state law in the first instance to determine the validity of the lien on the creditor's alleged secured claim. *L. King, 3 Collier on Bankruptcy,* ¶ 502.02 at 502–27 (15th ed. Supp.1983).

Under Massachusetts law, property subject to attachment remains attached for thirty days after issuance of an execution upon judgment. M.G.L. c. 223, § 59 (1977). To preserve an attachment, an execution must be recorded in the appropriate Registry of Deeds within forty days of the date of issuance of the execution. M.G.L. 236, § 4 (1980). The attachment becomes void forty days after the date of the execution unless the execution is property recorded. *Id.* The attachment is lost in the absence of compliance with the statutory recording requirement and deadline. *Horn v. Hitchcock,* 332 Mass. 643, 127 N.E.2d 482 (1955).

In the present case both Crosson Oil and Thomas Souza lost their liens on debtor's real estate because of their failure to record their executions within forty days of issuance. Crosson Oil's execution was issued on September 28, 1979 and was not recorded until March 11, 1980. Thomas Souza's execution was obtained on August 8, 1978 and was not recorded until November 29, 1978.

Souza's argument that his lien was preserved because no other creditors had intervened by the date he recorded his execution is without merit. The statutory language is clear that "the attachment shall become *void* forty days after said date unless a copy is so deposited;". (Emphasis Added). The statute does not provide that the lien is voidable by a creditor. It expressly invalidates the lien when the deadline for recording expires.

Crosson Oil argues that its lien should be preserved because it refrained from recording the execution at the request of the debtor. It cites M.G.L. ch. 236 § 31 (1979) in support of its position. This statute is irrelevant to the creditor's duty to record its execution within forty days of issuance. The liens of both Crosson Oil and Thomas Souza are invalid under Massachusetts law.

On the other hand, the liens of Cain and Colony Ford are valid under state law. The Cain execution was obtained on August 21, 1979 and was recorded on September 7, 1979. The Old Colony execution was obtained on October 10, 1979 and was recorded on October 16, 1979. Next, it must be determined whether these judicial liens are subject to avoidance because they impair the debtor's claimed exemption of $12,500.[1] Liens are to be avoided in descending order of priority. *See In Re Hoffman*, 28 B.R. 503 (Bankr.D.Md.1983). The analysis turns on the value of the property as of the filing date of the petition and the amount of valid encumbrances. *See In Re Tarrant*, 19 B.R. 360 (Bankr.D.Alaska 1982). To determine impairment the following steps should be taken. Step one: subtract each valid non-judicial lien in order of priority from the value of the property. Step two: from the remainder subtract the exemption claimed. Step three: from this remainder subtract the judicial liens. To the extent that all or any portion of a judicial lien exceed the remainder left over from step two, it may be avoided. *See In Re Duncan*, 43 B.R. 833, 838 (Bankr.D. Alaska 1984).

In this case, given the value of the property and the amount of the first mortgage, debtors have $24,000 in equity, $12,500 of which they exempted. The formula results in $11,500 remainder for judicial liens. The Cain judicial lien of $3994 does not impair the debtor's exemption and is preserved in full. The Colony Ford judicial lien impairs the claimed exemption to the extent of $2597. The Colony Ford lien is avoided partially in the sum of $2597, and remains preserved to the extent of $7506. An appropriate order shall enter.

---

1. It appears that the debtors might be entitled to claim $15,000 of their equity as exempt, but the Court will not second guess the debtors' election.