**FIRST OPTIONS OF CHICAGO, INC., Plaintiff/Appellant,**

v.

**Manuel KAPLAN, Debtor/Appellant.**

Civil Action Nos. 93–6401, 93–6402 and 93–6622.

United States District Court, E.D. Pennsylvania.

July 10, 1996.

See also 1992 WL 212346 and 1993 WL 367108.

Donald L. Perelman, Fine, Kaplan & Black, Philadelphia, PA, Gary A. Rosen, Connolly Epstein Chicco Foxman Engelmyer & Ewing, Philadelphia, PA, for Manuel Kaplan.

Manuel Kaplan, Penn Valley, PA, Pro Se.

Vincent J. Marriott, III, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, PA, Stephen P. Bedell, Timothy G. McDermott, Gardner, Carton & Douglas, Chicago, IL, for First Options of Chicago, Inc.

Frederic J. Baker, Asst. United States Trustee, Philadelphia, PA, pro se.

### MEMORANDUM

TROUTMAN, Senior District Judge.

Presently before the Court is the motion of Appellant, First Options, for reconsideration of the Court's Memorandum and Order of November 7, 1995. In our prior Order, this Court (1) affirmed the Bankruptcy Court's denial of First Options's objection to Debtor Manual Kaplan's claimed exemption of his interest in the MK Investments, Inc. Defined Benefit Pension Plan, and (2) affirmed the Bankruptcy Court's denial of First Options's objection to the Debtor's discharge with respect to withdrawals, in the amount of $611,-300, which the Debtor had made from his corporate account. For the following reasons the motion for reconsideration will be denied.

**LEGAL STANDARD:**

■ With respect to motions for reconsideration, the Third Circuit has stated, "The purpose of a motion for reconsideration is to correct manifest errors of fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki,* 779 F.2d 906 (3rd Cir.1985), *cert. denied,* 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986). To grant motions for reconsideration for lesser causes not only wastes judicial resources, but is also unjust to the parties that have invested the time and effort arguing on the original papers.

■ Moreover, where the evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration. *See, Harsco,* 779 F.2d 906. Notably, it is not an opportunity for a party to relitigate already decided issues and should not be used "to put forward additional arguments which [the movant] could have made but neglected to make before judgment." *Reich v. Compton,* 834 F.Supp. 753 (E.D.Pa.1993) (*quoting, Dodge v. Susquehan-*

*na Univ.,* 796 F.Supp. 829, 830 (M.D.Pa. 1992)).

## DISCUSSION:
### The Exemption Issue.

■ In our Order of November 7, 1995, we held that the Debtor's interest in his pension plan was exempted from the bankruptcy estate under the Pennsylvania exemption statute, 42 Pa.C.S. § 8124(b)(1)(ix). As noted in our previous Opinion, this statute exempts from attachment or execution on a judgment "[a]ny retirement or annuity fund provided for under Section 401(a), 403(a) and (b), 408 or 409 [of the Internal Revenue Code]."

In our original Opinion, this Court determined that the language of the Pennsylvania exemption statute required a plan to be tax-qualified in order for it to be found exempt under this statute. In making the determination whether the Plan at issue was indeed tax-qualified, we looked to the Internal Revenue Service's ("IRS") determination that the Plan had met the requirements of tax-qualification. In choosing to defer to the IRS on this issue, we found persuasive the reasoning of the Fifth Circuit in *In re Youngblood,* 29 F.3d 225 (5th Cir.1994).

In the motion presently before us, First Options argues that it is entitled to a rehearing because this Court, in deferring to the IRS's "determination", misapprehended the facts and misapplied the decision of the Fifth Circuit in *Youngblood.* First Options attempts to distinguish the facts of *Youngblood* from the present case, observing that in *Youngblood* the IRS issued favorable determination letters in December 1978 and June 1987 and thereafter audited the plan at issue "[n]ear the time of its termination", whereas, in the instant case, the most recent tax qualification letter was in 1986. With respect to the instant case, First Options contends, "there was no recent determination letter regarding the MKI Plan since 1986 ... In the absence of a current—or at least recent—IRS determination with respect to the tax qualification of the MKI Plan, there is no

relevant IRS determination to which this Court can and should defer." (*See,* First Options's Motion for Reconsideration at 5).

Additionally, First Options further argues that the persuasive value of *Youngblood* is undercut by a more recent bankruptcy court decision, *In re Harris,* 188 B.R. 444, 448–49 (Bankr.M.D.Fla.1995). First Options points out that the *Harris* court rejected the reasoning of *Youngblood,* finding that the bankruptcy court should make its **own** determination regarding qualification and is not bound to accept the IRS qualification of a plan.

With respect to First Options's argument regarding our conclusion that the Debtor's interest in the Plan was exempt in light of the IRS determination that said Plan was tax qualified, we take issue with First Options's contention that this Court misapplied the *Youngblood* case. We followed the general proposition advanced in the *Youngblood* decision, *i.e.,* that the [state] legislature would not want its courts, which are inexperienced in federal tax matters, to second-guess the IRS in such a complex, specialized area. *See, Youngblood,* 29 F.3d at 229. Under this proposition, we fail to see how the lack of a recent qualification letter from the IRS automatically renders the previous determination a nullity. Our holding was premised on the continued qualification of the Plan by the IRS, which we had determined to be intact. Our determination of continued qualification, in turn, was based on the facts that all required tax returns and actuarial reviews had been filed on behalf of the Plan, and, therefore, the IRS had all the relevant information to review the Plan if it so chose. Moreover, the IRS had **twice** approved the Plan and issued letters of determination.

In employing the rationale of *Youngblood,* we chose to defer to the IRS determination of tax qualification, seeing no reason to find that the Plan has become disqualified subsequent to issuance of the determination letters. In light of the foregoing, this Court saw no sound reason to take the drastic step of disqualifying the Plan.[1]

---

1. It is notable that the Debtor has submitted a favorable determination letter from the IRS issued as recently as July 29, 1994, after the alleged violations that First Options considers so egregious. While this letter is not the basis for our decision to deny reconsideration, we see it as further support for our original decision to defer to the IRS and not disqualify the Plan.

In addressing First Options's reference to the *Harris* case, where the bankruptcy court disregarded a favorable IRS determination letter, we respectfully note that the *Harris* case has no precedential value for this Court. Upon review of both decisions, therefore, we conclude that the persuasive value of *Youngblood* is not weakened by the *Harris* case. Accordingly, keeping in mind the principle that a motion for reconsideration is not an opportunity for a party to relitigate already decided issues, we find that there is no basis upon which to grant the motion with respect to the exemption issue.

## The Dischargeability Issue

First Options also requests a rehearing with respect to this Court's affirmance of the Bankruptcy Court's denial of First Options's objection to the Debtor's complete discharge. In our original Order we found that the Debtor was released from his prior obligations to First Options, including a series of checks totaling $611,300 which the Debtor wrote against MKI's corporate account during a period when MKI's liabilities exceeded its assets. We based this decision on the clear and unambiguous language of a release in a workout agreement negotiated between the two parties, which we found to have unequivocally eliminated all of the claims First Options had against the Debtor prior to the execution of the work-out agreement, and to have substituted for such prior claims the terms of the work-out agreement as the sole obligation.

First Options does not present any new evidence on this issue, but rather points to an insignificant factual misstatement in this Court's Opinion. This certainly is not a sufficient basis for granting a motion for reconsideration. We will, however, correct said error by amending our Memorandum Opinion and Order of November 7, 1995 to substitute the word **"bankruptcy"** for the word **"arbitration"** in the passage below, which will henceforth read as follows:

> Moreover, the more recent determination letter serves to undercut First Options's· arguments on its motion for reconsideration concerning this Court's misapplication of the facts of *Youngblood* to the present case. As previously mentioned, we cited *Youngblood* for its **general proposition**

"Moreover, it is questionable how important these "witnesses" were if they did not testify at the **bankruptcy** hearing. None of the First Options personnel who were involved in the workout negotiations were called to testify at the **bankruptcy** hearing." *See, Kaplan v. First Options of Chicago*, 189 B.R. 882, 897 (E.D.Pa.1995).

Since the now corrected misstatement was the sole basis for First Options's motion for reconsideration of our prior order with respect to the dischargeability issue, the portion of the motion relating to said issue will likewise be denied.

Accordingly, in the order which follows, the motion of First Options for reconsideration will be denied in its entirety. Moreover, in light of the denial of the motion for reconsideration on purely legal grounds, First Options's additional motion to allow limited discovery will be dismissed.

of deference to the IRS. To the extent, however, that First Options suggests the facts in *Youngblood* were highly distinguishable from the present case, the existence of a 1994 favorable determination letter makes the facts of this case more similar to those in *Youngblood*.