**In re Donald L. COZAD, Debtor.**

**ZEIGLER ENGINEERING SALES, INC., Appellant,**

v.

**Donald L. COZAD, Appellee.**

**BAP No. UT–96–25.
Bankruptcy No. 95–24638.**

United States Bankruptcy Appellate Panel of the Tenth Circuit.

May 2, 1997.

Eric P. Hartman, Salt Lake City, Utah, for Appellant.

R. Steven Chambers, Salt Lake City, Utah, for Appellee.

Before BOHANON, ROBINSON, and CORNISH, Bankruptcy Judges.

## OPINION

CORNISH, Bankruptcy Judge.

This Panel is asked to review the Bankruptcy Court's determination that the judgment of Zeigler Engineering Sales, Inc. ("Zeigler") against Donald L. Cozad ("debtor") is avoided in its entirety under 11 U.S.C. § 522(f). For the reasons set out below, we conclude that the Bankruptcy Court was correct in its computation that Zeigler's judgment was avoidable in its entirety.

## JURISDICTION

A Bankruptcy Appellate Panel, with consent of the parties, has jurisdiction to hear appeals from final judgments, orders and decrees of bankruptcy judges within this circuit. 28 U.S.C. § 158(a), (b)(1), (c)(1). Since neither party to this appeal has opted to have the case heard by the District Court for the District of Utah, they have consented to the jurisdiction. 10th Cir. BAP L.R. 8001–1(c).

The Bankruptcy Appellate Panel may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree, or remand with instructions for further proceedings. Findings of fact shall not be set aside unless clearly erroneous. Fed.R.Bankr.P. 8013; *see First Bank v. Reid (In re Reid)*, 757 F.2d 230, 233–34 (10th Cir.1985). The clearly erroneous standard does not apply to the bankruptcy court's conclusions of law. Conclusions of law are reviewed *de novo*. *Pierce v. Underwood*, 487 U.S. 552, 558, 108 S.Ct. 2541, 2546, 101 L.Ed.2d 490 (1988).

This matter was submitted to the Bankruptcy Judge on stipulated facts; therefore, the facts are not at issue on this appeal.

## FACTS

In this chapter 7 case, Zeigler filed a proof of claim asserting a judicial lien in the amount of $76,972.75. Zeigler asserted a secured claim to the extent of debtor's interest in his home and sought an unsecured claim for the balance. The debtor owned an undivided one-half interest in the homestead with his wife. She is not in bankruptcy. The real property and improvements had a

fair market value of $96,329.00. The Internal Revenue Service had a lien against the debtor in the amount of $3,888.00, which was superior to the lien of Zeigler. The debtor and his non-debtor wife had a joint obligation to pay a mortgage on the property with a balance of $42,223.47.

Before filing bankruptcy, the debtor filed a claim of homestead exemption on the subject property in the amount of $11,000.00, claiming himself, his wife, his wife's daughter, and his wife's granddaughter. Debtor has never adopted his wife's daughter or her granddaughter. No one ever objected to the debtor's claim of homestead exemption.

The debtor filed an action against Zeigler under 11 U.S.C. § 522(f)(1), which allows a debtor to avoid certain liens to the extent that they impair a debtor's exemption. Zeigler strenuously argues that in calculating the impairment, you must first deduct the mortgage from the full value of the property to determine the equity; then, divide the debtor's one-half interest to figure the value of the debtor's interest. To illustrate Zeigler's calculation, it urges the formula to be applied in this case should be as follows:

| | |
|---|---|
| Total value of home: | $96,328.54 |
| less mortgage: | − $42,223.00 |
| net equity: | $54,105.54 |
| one-half debtor's interest: | − $27,052.77 |
| less exemption: | − $11,000.00 |
| less IRS lien: | − $ 3,888.40 |
| Net Secured Claim: | $12,164.37[1] |

The Bankruptcy Judge found that the proper procedure to interpret § 522(f)(2)(A) is as follows:

| | |
|---|---|
| Mortgage: | $ 42,223.47 |
| IRS lien: | $ 3,888.00 |
| Zeigler Judgment: | $ 76,972.75 |
| Exemption: | $ 11,000.00 |
| Total: | $134,084.22 |
| Debtor's interest: | $ 48,164.50 |
| | − $134,084.22 |
| Value of Debtor's interest: | − $ 85,919.72 |

The court's order found that one-half of the debtor's interest was $48,164.50 and Zeigler advances that the mortgage balance

is $42,223.00. A partial transcript, which is part of the record on appeal, indicates the parties stipulated that the mortgage balance was $42,223.47 as of the date of filing and this balance will be adopted by this panel for its decision.

The Bankruptcy Court held that § 522(f)(2)(A) was not ambiguous and further held that a lien as defined in § 101(37) should include consensual as well as judgment liens. Therefore, the Bankruptcy Court held that the debtor's one-half interest was impaired by the full amount of Zeigler's lien. The Bankruptcy Court granted judgment for the debtor and set aside Zeigler's lien in its entirety.

## DISCUSSION

The issue before the Panel is the appropriate calculation, pursuant to § 522(f)(2)(A), used to determine whether the creditor's judgment lien impairs the debtor's exemption when the debtor owns a property jointly with a non-debtor spouse. Section 522(f)(2)(A), as amended by the Bankruptcy Reform Act of 1994, provides:

(2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—

(i) the lien,

(ii) all other liens on the property, and

(iii) the amount of the exemption that the debtor could claim if there were no liens on the property;

exceeds the value that the debtor's interest in the property would have in the absence of any liens.

"Courts properly assume, absent sufficient indication to the contrary, that Congress intends the words in its enactment to carry 'their ordinary, contemporary, common meaning.'" *Pioneer Inv. Serv. v. Brunswick Assocs.*, 507 U.S. 380, 388, 113 S.Ct. 1489, 1495, 123 L.Ed.2d 74 (quoting *Perrin v. United States*, 444 U.S. 37, 42, 100 S.Ct. 311, 314, 62 L.Ed.2d 199 (1979)). When interpreting a statute, the language of the statute

---

1. The Bankruptcy Judge in her findings of fact concluded there was an exemption of $11,000.00. The Bankruptcy Judge determined that there was a $1,000.00 dispute on the allowance of the homestead exemption, but found that it did not impact the impairment of the lien. We agree.

is first examined. *Dalton v. Internal Revenue Service,* 77 F.3d 1297, 1299 (10th Cir. 1996) (citing *Goheen v. Yellow Freight Sys.,* 32 F.3d 1450, 1453 (10th Cir.1994)). Language is given its common meaning if the unambiguous statutory language is not defined and the result is not absurd or contrary to the legislative purpose. Id. at 1299 (citing *Turner v. Davis, Gillenwater & Lynch (In re Inv. Bankers, Inc.),* 4 F.3d 1556, 1564 (10th Cir.1993), cert. den. 510 U.S. 1114, 114 S.Ct. 1061, 127 L.Ed.2d 381 (1994)). An ambiguity exists when:

1. The words have more than one meaning;

2. There is an unusual use of otherwise unambiguous words, e.g., terms of art;

3. The purpose, intent or object of the statute cannot be ascertained from the language therein.

*Kenan v. Fort Worth Pipe Co. (In re George Rodman, Inc.),* 792 F.2d 125, 128 n. 8 (10th Cir.1986).

██ In the absence of an ambiguity, when there is a dispute over the interpretation of the statute, courts should not analyze the legislative history. *Id.* Any ambiguity must appear on the face of the statute. *Roberts v. United States (In re Roberts),* 906 F.2d 1440, 1442 (10th Cir.1990) (citing *Miller v. Commissioner,* 836 F.2d 1274, 1283 (10th Cir.1988)).

██ The Bankruptcy Court determined that § 522(f)(2)(A) was not ambiguous and therefore, it did not look to the legislative history. We agree. It is not the court's function to legislate but rather to construe and apply the statute. *In re Allard,* 196 B.R. 402, 408 n. 3 (Bankr.N.D.Ill.) aff'd. sub. nom. *Great Southern Co. v. Allard,* 202 B.R. 938 (N.D.Ill.1996). The plain meaning requires that the lien and *all other liens on the property* be added to the exemption that the debtor would be entitled to, if there were no liens on the property. A "lien" is a "charge against interest in property to secure payment of the debt or performance of an obligation." 11 U.S.C. § 101(37). Clearly, this includes both consensual and judgment liens. The statute plainly provides that these items are to be deducted from the debtor's interest "in the absence of any liens." The Bankruptcy Court was correct in deducting the liens from one-half of the fair market value of the property as set forth in the statute.

██ In its brief and at oral argument, the Appellant raised an equal protection argument. An appellate court should not consider new issues not properly raised before the court below. *Gillihan v. Shillinger,* 872 F.2d 935, 938 (10th Cir.1989). Likewise an equal protection argument must be raised in the Bankruptcy Court to be considered on appeal. *In re Fromal,* 151 B.R. 730, 732 (E.D.Va.1993) (citing *In re Frontier Airlines,* 137 B.R. 808 (D.Colo.1992)) aff'd. 14 F.3d 594 (4th Cir.1994) (Table). The Appellant admits in its brief that the equal protection issue was not raised in the Bankruptcy Court. Therefore, this argument will not be considered by the Panel.

Accordingly, the Bankruptcy Court's decision is **AFFIRMED.**