**In re Lowell W. LEHMAN, Jr., Debtor.**

**Lowell W. LEHMAN, Jr., Movant,**

**v.**

**VISIONSPAN, INC., Respondent.**

**Bankruptcy No. A97–80376–ADK.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

June 19, 1998.

J. Michael Lambert, Lambert, Bonapfel, Cifelli & Stokes, P.A., Atlanta, GA, for plaintiff.

Charles E. Buker III, Perrie, Buker, Jones & Morton, P.C., Atlanta, GA, for defendant.

### ORDER

ARMAND DAVID KAHN, Bankruptcy Judge.

The above-styled case came on for hearing on the Debtor's motion to avoid the Creditor's lien. For the reasons set forth below, the Debtor's motion is granted in part.

■ The Debtor co-owns with his spouse, a nondebtor, a residence. The petition listed the value of the Debtor's half-interest in the residence at $102,500.00, half of the residence's value, which he claims is $205,000.00. The Debtor claims that the Creditor waived any right to object to this valuation of the property by failing to object to the Debtor's claimed exemptions within 30 days after the meeting of creditors. The Debtor stipulated at the hearing that, if the Creditor did not waive the issue, the value of the residence is $225,000.00. The Creditor argues that it is only obligated to raise objections to the amount of the claimed exemptions themselves within 30 days after the meeting of creditors, and that it did not do so because it has no objection to the amount of the exemptions, merely to the valuation of the residence.

Section 522(*l*) provides that, unless a party in interest objects, "property claimed as exempt ... is exempt." Bankruptcy Rule 4003(b) specifically sets a time limit for filing objections to the Debtor's claimed exemptions. "The Trustee or any creditor may file objections to the list of property claimed as exempt within thirty days" after the meeting of creditors. Fed.R.Bankr.P. 4003(b). Neither of these provisions sets a time limit on the creditor's ability to object to the Debtor's valuation of the property.

The case cited by the Debtor in support of his argument, *Allen v. Green (In re Green)*, 31 F.3d 1098 (11th Cir.1994), does not address this issue. In *Allen*, a Debtor listed the value of an unresolved personal injury lawsuit at one dollar, and then exempted the proceeds of the lawsuit in the amount of one dollar. All parties conceded that the one dollar amount was understood to signify the entire, but speculative, value of the pending suit. About one year later, after the suit was settled for $15,000.00, the Debtor sought and was given the entire amount of the lawsuit proceeds, as she had claimed them exempt. The Trustee appealed. The Eleventh Circuit held that, because the Trustee had not timely objected to the exemption, the Debtor was entitled to the full proceeds of the lawsuit. Contrary to the Debtor's reading of the case, there was no dispute in *Allen* regarding the value of the lawsuit; rather, the proper amount of the exemption was at issue. "[T]he Bankruptcy Code places the burden on the trustee to object, in a timely manner, to any improper *exemption claims*." *Id.* at 1101 (emphasis added). Consequently, *Allen* does not support the Debtor's contention.

The Court holds, therefore, that the Creditor was not obligated to object to the Debtor's valuation of his residence within thirty days after the § 341 meeting, and, therefore, did not waive its right to object. Consequently, the value of the residence is $225,000.00, as stipulated by the parties, and the value of the Debtor's half-interest is $112,500.00.

The Debtor's debt to the Creditor, at the time of filing, totaled $53,878.19, for which the Creditor has a judgment lien against the Debtor's property. The Debtor's spouse is not an obligor on the debt. The Debtor and his spouse owe $165,000.00 on the first mortgage on the residence. The Debtor claimed an exemption of $5,312.00 for the residence, to which the Creditor has not objected.

■ The Debtor and the Creditor disagree about the application of the formula to determine the extent of the impairment. The Debtor argues that the lien fully impairs the exemption, and therefore should be avoided in its entirety. The Creditor contends that the lien only partly impairs the exemption, and should only be avoided to the extent that the exemption is impaired, and that portion of the lien that does not impair the exemption should stand.

Section 522(f) provides that, where a lien is a judicial lien, the "debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs

an exemption to which the debtor would have been entitled under subsection (b) of this section." The provision sets out a mathematical formula to determine the extent to which the Debtor's exemption has been impaired.

> ... [A]lien shall be considered to impair an exemption to the extent that the sum of—
>> (i) the lien;
>> (ii) all other liens on the property; and
>> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
>
> exceeds the value that the debtor's interest in the property would have in the absence of any liens. § 522(f)(2)(A).

The Debtor contends that the above formula requires that the Court add the entire mortgage, the VisionSpan lien, and the exemption, and compare that total to the Debtor's interest in the property, i.e. half the value of the residence. The Creditor argues that it is nonsensical to attribute the entire mortgage to the Debtor's interest in the property. The Creditor contends that the Court should take the entire value of the property, and subtract the first mortgage from that value, then divide the difference in half to determine the Debtor's interest in the property less the mortgage. From that half-value, the Court should deduct the exemption and the VisionSpan lien to determine the extent to which the exemption is impaired.

The Debtor cites *Zeigler Engineering Sales, Inc. v. Cozad (In re Cozad)*, 208 B.R. 495 (10th Cir. BAP 1997) in support of his argument. *Cozad* involved a similar set of facts as the instant case. A Debtor co-owned a residence with a nondebtor spouse, which residence was encumbered by a first mortgage. The Debtor sought to avoid a judgment lien, against himself only, on the grounds that it impaired his exemption. The Creditor argued that the mortgage should be deducted from the entire value of the property before determining the value of the Debtor's interest in the property. The Court added the first mortgage, the judicial lien, and the exemption, and deducted the total from the *Debtor's* interest in the property. In determining the impairment, therefore, the Tenth Circuit effectively attributed the entire mortgage to the Debtor's interest in the property.

■ The Tenth Circuit was correct that the plain language of the statute directs the Court to add all encumbrances on the property and deduct them from the Debtor's interest in the property. The plain language of a statute, however, should not be followed when it leads to an absurd result or is contrary to legislative purpose. *Id.*, 208 B.R. at 498. Following the language of the statute in this case leads to an absurd result.

■ First, the provision plainly is designed to protect the Debtor's exemption value in the property, and no more. To follow the language of the statute exactly would lead to an absurd windfall for the Debtor. The property is worth $225,000.00, and is encumbered by a first mortgage of $165,-000.00. There are no other encumbrances except for the Creditor's lien. To avoid that lien in its entirety would leave equity in the property of $60,000.00. Because half that equity would belong to the Debtor, he would effectively exempt his entire $30,000.00 interest in the real property.

Because of the potential windfalls to the Debtor resulting from applying the statute verbatim, several courts that have considered similar cases have deducted the mortgage from the entire value of the property before determining the Debtor's interest. *See FDIC v. Finn (In re Finn)*, 211 B.R. 780 (1st Cir. BAP 1997) (Debtor co-owned a residence with a nondebtor spouse that was encumbered by a first mortgage on both owners' interest in the property); *In re Donahue*, 205 B.R. 661, 662 (Bankr.D.Mass.1997) (same).

The value of the entire property is $225,-000.00. Deducting the mortgage, $165,-000.00, leaves $60,000.00 equity in the property, not accounting for VisionSpan's lien. The Debtor's half-interest in the property is therefore worth $30,000.00. After deducting the Debtor's exemption, $5,312.00, there is remaining in the property $24,678.00. The Creditor's lien is in the amount of $53,879.00, which clearly impairs the Debtor's exemp-

tion. The Creditor is, however, entitled to retain its lien on the unencumbered, nonexempt portion of the Debtor's property, in the amount of $24,678.00. *See Finn*, 211 B.R. at 782. Hence, the Creditor's lien will be avoided to the extent of $29,201, the difference between the Creditor's current lien and its lien after allowing the exemption.

Accordingly,

**IT IS THE ORDER OF THE COURT** that the lien of the Creditor, VisionSpan, Inc., is avoided to the extent of $29,201.00.

The Creditor retains a lien in the amount of $24,678.00.

The Clerk is hereby directed to serve a copy of this Order on the Movant's attorney and the Respondent's attorney.

**IT IS SO ORDERED.**