**In re Dave PIERSOL, Debtor.**

**Bankruptcy No. 99–16689DAS.**

United States Bankruptcy Court,
E.D. Pennsylvania,
Philadelphia Division.

Feb. 7, 2000.

Timothy J. Trott, Cox & Trott, West Chester, PA, for debtor.

Joel M. Flink, Phila., PA, for creditors.

Gloria Satriale, Chester Springs, PA, trustee.

Frederic Baker, Ass't. U.S. Trustee, Phila., PA, United States trustee.

### OPINION

DAVID A. SCHOLL, Bankruptcy Judge.

### A. INTRODUCTION

The instant contested matters are motions ("the Motions") to avoid, in their entirety, certain judicial liens on realty ("the Property") which the Debtor co-owns with his two sisters. Certain lienholders oppose the Motions, at least in part, on the ground that the value of the entire Property less the unavoidable mortgage on it exceeds the Debtor's statutory exemptions in the Property. The issue presented herein is how a Debtor's equity in co-owned real estate should be valued for purposes of 11 U.S.C. §§ 522(f)(1)(A), (f)(2).

We find that § 522(f), appearing in a Code section which references exemptions, must be liberally construed to protect debtors, and therefore must be read literally to allow the Debtor to utilize only the value of his own specific interest in the property in applying the specific formula for § 522(f) calculations set forth in, e.g., In re Brantz, 106 B.R. 62, 68 (Bankr. E.D.Pa.1989). We therefore conclude that the Motions must be granted, and the judicial liens at issue avoided, in their entirety.

### B. PROCEDURAL AND FACTUAL HISTORY

The Debtor filed the underlying Chapter 7 bankruptcy case on July 18, 1996. A discharge was granted without incident on November 1, 1996, and the case was closed on November 8, 1996.

On October 6, 1999, the Debtor, after notice to all creditors and interested parties, see In re Rex, 217 B.R. 57, 61 (Bankr. E.D.Pa.), aff'd, C.A. No. 98–1058 (E.D.Pa. April 3, 1998), successfully moved to reopen this case to pursue certain lien avoidance motions overlooked during the pendency of the case in 1996. See, e.g., In re Quackenbos, 71 B.R. 693, 695–98 (Bankr. E.D.Pa.1987); and In re Hall, 22 B.R. 701, 702–03 (Bankr.E.D.Pa.1982).

On December 6, 1999, the Debtor filed three motions pursuant to 11 U.S.C. § 522(f)(1), seeking to avoid judicial liens in the amount of $7,266.71, $2,683, and $5,375, held by First Deposit National

Bank ("1st Dep."), Adamar of New Jersey ("Adamar"), and Greate Bay Hotel & Casino ("Greate Bay"), respectively. The 1st Dep. lien was avoided without opposition on December 23, 1999. However, Adamar and Greate Bey (collectively, "the Creditors") both filed answers to the Motions seeking to avoid their liens.

A hearing on the Motions of December 23, 1999, resulted in a request for a continuance and the court's ultimate request that the parties file briefs in support of their positions on or before January 14, 2000, and that the hearing on the Motions be continued until January 20, 2000. While both parties filed briefs, only the Debtor appeared at the continued hearing. However, since the material facts were not in dispute, no testimony was offered, and the Motions will be decided on the briefs.

Both parties agree the Property at issue, the Debtor's residence at 341 Zynn Road, Downingtown, PA 19335, is valued at $129,000, and that it is encumbered by a non-avoidable security interest in the form of a mortgage of $55,000 held by PNC Bank, for which the Debtor and the co-owners, his two sisters, are jointly and severally liable.

The Debtor claimed on his Schedules and in connection with the Motions that he holds no more than a one-third interest in the Property. Based on this one-third interest and applying the formula set forth in, *e.g., Brantz, supra,* 106 B.R. at 68, the Debtor argues that both liens may be avoided in their entirety. However, the Creditors contend that, if such a one-third interest is used in valuing equity, the Debtor will receive a windfall at their expense because sufficient equity is left in the Property to support these liens based on its full value. They therefore argue that, for the purposes of the *Brantz* formula calculation, the entire value of the Property must be considered.

## C. DISCUSSION

■ The pertinent Bankruptcy Code provisions, 11 U.S.C. § 522(f)(1)(A) and § 522(f)(2)(A), state as follows:

(f)(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

   (A) a judicial lien ...

   . . .

(f)(2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—

(i) the lien

(ii) all other liens on the property; and

(iii) the amount of the exemptions that the debtor could claim if there were no liens on the property;

exceeds the value that the debtor's interest in the property would have in the absence of any liens. . . .

The parties do not appear to dispute that the formula for application of § 522(f) is that set forth by this court in *In re Magosin,* 75 B.R. 545, 547 (Bankr.E.D.Pa. 1987), and reiterated in *Brantz, supra,* 106 B.R. at 68, as follows:

1. Determine the value of the property on which the judicial lien is sought to be avoided.

2. Deduct the amount of all liens not to be avoided from (1).

3. Deduct the Debtor's allowable exemptions from (2).

4. Avoidance of all judicial liens results unless (3) is a positive figure.

5. If (3) results in a positive figure, do not allow avoidance of liens, in order of priority, to that extent only.

Indeed, this formula was expressly approved by the Supreme Court in *Owen v. Owen,* 500 U.S. 305, 313 n. 5, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991), and by Congress in amending § 522(f) in 1994. 140 CONG.REC.H 10,764 (daily ed. Oct. 4,

**312**

1994), reprinted in E COLLIER ON BANKRUPTCY, App. Pt. 9–93 (15th ed. rev.1999).[1]

The issue before us is how a debtor's equity in real estate should be valued when the real estate is owned by the debtor with other, nondebtor parties. Although the parties do not dispute that the *Brantz* formula applies, we note that this formula does not address the method for valuing a debtor's interest in jointly-owned Property.

The language of 11 U.S.C. 522(f) seems to clearly state that it is valuation, for purposes of that statute, of only "the interest of the debtor in property," *i.e.*, the debtor's share of the property, which is at issue. Nevertheless, the reported cases deciding this issue have split into two separate approaches.

The Creditors cite to *In re Lehman,* 223 B.R. 32, 34–35 (Bankr.N.D.Ga.1998), which holds that all encumbrances on a debtor's property must be deducted from the total value of the property before the debtor's exemption is entered into the *Brantz* formula. Though not cited by the Creditors, we note that this viewpoint is shared by the courts in *Nelson v. Scala,* 192 F.3d 32, 34–36 (1st Cir.1999); and *In re Nielsen,* 197 B.R. 665, 668–72 (9th Cir. BAP 1996). These courts believe that a different reading than theirs, though supported by the "plain," *Lehman, supra,* 223 B.R. at 34, or "literal," *Nelson, supra,* 192 F.3d at 36, language of the statute, leads to "injustice", *id.,* or "an absurd result." *Lehman, supra,* 223 B.R. at 34.

On the other hand, in *In re Cozad,* 208 B.R. 495, 497–98 (10th Cir. BAP 1997); *In re Pascucci,* 225 B.R. 25, 28 (Bankr. D.Mass.1998); *In re Donahue,* 205 B.R. 661, 662 (Bankr.D.Mass.1997); and *In re Witkowski,* 176 B.R. 114, 115 (Bankr.

D.Mass.1994), the respective courts reach the opposite result, although the latter three decisions appear to be overruled by the subsequent decision in *Nelson.*

Thus, in *Cozad* the court held that the bankruptcy court was correct in deducting a mortgage and other consensual liens from one-half of the property's fair market value, where the debtor jointly owned property with a nondebtor. Rather than finding this result unjust or absurd, *Cozad* reasoned that Congress intended the words in this statute to carry "their ordinary, contemporary, common meaning which resulted in reducing the value component according to the debtor's interest in the property". *Id.* at 497. Similarly, in *Witkowski, supra,* the court found the "benefits of § 522(f)(1) were [not] intended to be illusionary … Congress' belief [was] that § 522 was related to the fresh start which the Bankruptcy Code promises the debtor…." 176 B.R. at 117.

█ For several reasons, we agree with the reasoning of the second approach reflected in the *Cozad* line of cases. First, the Supreme Court has stated that, in construing the Bankruptcy Code, "the plain language of the Bankruptcy Code … is our determinant." *Patterson v. Shumate,* 504 U.S. 753, 757, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992). *See also Union Bank v. Wolas,* 502 U.S. 151, 162, 112 S.Ct. 527, 116 L.Ed.2d 514 (1991); and *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989).

█ Second, we note that § 522(f) appears in the Code section addressing a debtor's exemptions.

[W]hen there is a significant doubt about the outcome of such a matter, " 'liberal interpretation of exemption laws are favored.' " *In re Sidebotham,* 77 B.R. 504,

---

1. The 1994 amendments thus expressly adopt the reasoning of this court in *In re Cross,* 164 B.R. 496, 497–501 (Bankr.E.D.Pa.1994), that lien avoidance can occur even when debtors have no equity in the liened property, or no exemptions in the property actually protected,

and overrule the contrary reasoning, limiting debtors to avoidance of only the amounts in which they have actually claimed exemptions, in *In re Menell,* 37 F.3d 113, 114–16 (3d Cir.1994).

506 (Bankr.E.D.Pa.1987), quoting *In re Wilson,* 22 B.R. 146 (Bankr.D.Or.1982). *In re Kaplan,* 162 B.R. 684, 698 (Bankr. E.D.Pa.1993), *aff'd sub nom. Kaplan v. First Options of Chicago, Inc.,* 189 B.R. 882 (E.D.Pa.1995), *reconsideration denied sub nom. First Options of Chicago, Inc. v. Kaplan,* 198 B.R. 91 (E.D.Pa.1996).

■ Third, we have agreed with the notion, since laying down our ultimately-vindicated formula for § 522(f) in *Magosin, supra,* that § 522(f) must be interpreted "to maximize the 'fresh start' principle" of the Bankruptcy Code. 75 B.R. at 550 n. 2.

Finally, we note that Judge Raslavich of this court, without discussing the decisional schism, recently utilized the percentage of the debtors' interest in a property owned by them with nondebtors in making a § 522(f) calculation. *In re Natale, Natale v. French & Pickering Creeks Conservation Trust, Inc.,* Bankr.No. 98–34221SR, Adv. No. 99–0231, slip op. at 14–15 (Bankr. E.D.Pa. Jan. 31, 2000). This unadorned adoption of the approach we favor suggests that it is not, as the *Nelson* and *Lehman* courts opine, "unnatural" to utilize the value of only the debtor's interest in a property in making a § 522(f) calculation.

The Creditors also argue that dividing the Debtor's interest in the Property with the nondebtor co-owners in effecting its valuation is inconsistent with the decisions in *In re Jablonski,* 88 B.R. 652, 656 (E.D.Pa.1988); and *In re Panas,* 68 B.R. 421, 422–26 (Bankr.E.D.Pa.1986), holding that, for purposes of lien bifurcation under 11 U.S.C. § 506, entireties property must be valued as a whole rather than in part with the interest of a nondebtor spouse.

Two responses can be made. First, utilization of § 506 is distinct from employment of § 522(f). The use of § 506 has been curtailed by the Supreme Court in such cases as *Nobelman v. American Savings Bank,* 508 U.S. 324, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993); and *Dewsnup v.*

*Timm,* 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992), while *Owen, supra,* points in the direction of a broad reading of § 522(f)'s benefits to a debtor. Section 506 is not included in the Code section addressing exemptions, as is § 522(f). Use of § 506 may be denied to a debtor if other equities are perceived not to be in place, *see In re Falotico,* 231 B.R. 35, 39–42 (Bankr.D.N.J.1999); and *In re Taylor,* 96 B.R. 584, 590–93 (Bankr.E.D.Pa.1989), while even debtors guilty of fraud have not denied the use of § 522(f). *See e.g., Magosin, supra,* 75 B.R. at 547–49; and *In re Krajci,* 7 B.R. 242, 244 (Bankr.E.D.Pa. 1980), *aff'd,* 16 B.R. 464 (E.D.Pa.1981).

Second, even if the § 506 context, it as only the value of entireties property, which is by its very nature indivisible, which is not divided between the interests of debtors and nondebtors in effecting a § 506 valuation. Jointly-owned non-entireties property *is* so divided in a § 506 calculation. *See Natale, supra,* slip op. at 12–13; *In re Lampkins,* 1991 WL 71777 (Bankr. E.D.Pa. May 2, 1991); *In re Crompton,* 68 B.R. 831, 834–36 (Bankr.E.D.Pa.1987); and *In re Whitener,* 63 B.R. 701, 702 (Bankr.E.D.Pa.1986). The instant Property is co-owned with non-spousal nondebtors. Therefore, its value *would* be divided among the interests of the co-owners for purposes of a § 506 valuation.

We are not inclined to make too much of the entireties/non-entireties distinction, because none of the other cases on either side of the two approaches to § 522(f) valuation make this distinction. For example, the courts in *Cozad, supra,* 208 B.R. at 496; and *Witkowski, supra,* 176 B.R. at 115, had no difficulty in dividing the value of properties which the respective debtors owned with nondebtor spouses.

We will therefore value the Debtor's Interests at one-third of the value of the Property in applying the *Brantz* formula referenced at page 311 *supra.* This calculation yields the following result:

| | | |
|---|---|---|
| 1. | Value of the Debtor's interest | $43,000.00 |
| 2. | Less unavoidable liens | (55,000.00) |
| | Subtotal | (12,360.00) |
| 3. | Less exemptions | (15,000.00) |
| 4. | Net Equity | (27,360.00) |

Since step (4) does not yield a positive number, avoidance of both Creditors' liens in full results.

Therefore, the Motions must be granted in their entirety.

## D. CONCLUSION

An order consistent with the conclusions expressed herein will be entered.