[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

———————————————

No. 99-12545
Non-Argument Calendar

———————————————

**FILED**

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 18 2000**

**THOMAS  K. KAHN
CLERK**

D. C. Docket No. 98-02181-CV-ODE-1, 97-80376 ADK

IN RE:

LOWELL W. LEHMAN, JR.,

Debtor,

LOWELL W. LEHMAN, JR.,

Plaintiff-Appellant,

versus

VISIONSPAN, INC.,

Defendant-Appellee.

———————————————

Appeal from the United States District Court
for the Northern District of Georgia

———————————————
(February 18, 2000)

Before COX and WILSON, Circuit Judges, and RONEY, Senior Circuit Judge.

PER CURIAM:

In this bankruptcy case, appellant debtor Lowell Lehman sought complete avoidance of a judicial lien on his home in the amount of $53,878.19 held by appellee VisionSpan, Inc. The bankruptcy judge, affirmed by the district court, held that only part of the lien could be avoided and that $24,688[1] of that lien could not be avoided. We affirm.

This case involves interpretation of the Bankruptcy Code. Although the precise terms of the applicable provision would call for avoidance of the entire lien, the bankruptcy court reasoned that such a reading would produce an absurd result and departed from those precise terms. *See In re Lehman*, 223 B.R. 32, 34-35 (Bankr. N.D. Ga. 1998). We have held this to be a legitimate approach to statutory interpretation. Although statutory interpretation begins with the language of the statute itself, *see In re Southeast Banking Corp.*, 156 F.3d 1114, 1120 (11th Cir. 1999), a court may look beyond the plain language of a statute if applying the plain language would produce an absurd result, *see Hughey v. JMS Dev. Corp.*, 78 F.3d 1523, 1529 (11th Cir. 1996). There was no error in the decision that a literal application of the language of the statute would violate Congressional intent and would produce an absurd result.

---

[1]The bankruptcy court made a minor arithmetical error in the amount of $10. We have corrected the bankruptcy court's figures in this opinion.

Briefly, these are the undisputed facts. On November 13, 1997, Lowell Lehman filed a case under Chapter 7 of the Bankruptcy Code. At the time of the filing, VisionSpan had a judgment lien against Lehman's property in the amount of $53,878.19. Lehman and his wife, as tenants in common, owned a home in Atlanta, Georgia valued at $225,000. Lehman's wife is not in bankruptcy and is not a debtor of VisionSpan. Lehman had only an undivided fifty-percent interest in the home. NationsBank held a first-priority mortgage on the entire interest in the home in the amount of $165,000.

Section 522 of the Bankruptcy Code, 11 U.S.C. § 522, sets out a statutory scheme permitting a debtor in bankruptcy to exempt certain property from his or her bankruptcy estate. For property to qualify for an exemption, it must first be part of the bankruptcy estate. If the debtor has mortgaged his or her property, the debtor has retained only an equitable interest in the property. Absent a provision providing otherwise, only that equitable interest would be property of the estate and eligible for an exemption.

Section 522(f), however, provides a special mechanism for the debtor to "avoid" certain liens on property, thereby bringing the whole property within the bankruptcy estate and potentially qualifying it for an exemption. *See generally Owen v. Owen*, 500 U.S. 305, 308-09 (1991). To accomplish this purpose, § 522(f)

provides, in basic part, that a debtor may "avoid" a lien to the extent it "impairs" an exemption. This amount is calculated as follows:

>    (2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of–
>    (I) the lien;
>    (ii) all other liens on the property; and
>    (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
>    exceeds the value that the debtor's interest in the property would have in the absence of any liens.

§ 522(f)(2)(A).

In this case, under the express language of the statute, the following calculation would be made:

- Add (I) $53,878.19 (the amount of the VisionSpan judgment lien); (ii) $165,000 (the amount of the mortgage held by NationsBank); and (iii) $5,312 (the amount of the exemption claimed by Lehman). The total of these figures is $224,190.19.

- The value of Lehman's "interest in the property . . . in the absence of any liens" is $112,500.

- $224,190.19 "exceeds" $112,500 by $111,690.

Therefore, VisionSpan's lien would be "considered to impair" Lehman's exemption by $111,690 and Lehman could avoid it to that extent, which would permit Lehman to avoid all of VisionSpan's lien of $53,878.19.

4

This would be the consequence of applying the precise terms of the statute: Lehman, as shown above, would avoid all of VisionSpan's lien. Lehman, however, would still have equity in the property of $30,000 (derived by subtracting the $165,000 amount of the NationsBank mortgage from the $225,000 property value and dividing by two, to account for Lehman's one-half ownership of the property). In effect, Lehman would shield his entire equity of $30,000 from VisionSpan's lien of $53,878.19, even though Lehman was entitled to a debtor's exemption of only $5,312.00.

Concluding this result would provide Lehman a windfall and would be "absurd," the bankruptcy court took the following common sense approach:

> The value of the entire property is $225,000.00. Deducting the mortgage, $165,000.00, leaves $60,000.00 equity in the property, not accounting for VisionSpan's lien. The Debtor's half-interest in the property is therefore worth $30,000.00. After deducting the debtor's exemption, $5,312.00, there is remaining in the property $24,688.00. [VisionSpan's] lien is in the amount of $53,879.00, which clearly impairs the Debtor's exemption. [VisionSpan] is, however, entitled to retain its lien on the unencumbered, nonexempt portion of the Debtor's property, in the amount of $24,688.00.

In effect, the court was simply substituting, in the statutory formula, the *total value* of the home ($225,000) in place of Lehman's *interest* in the home in the absence of any liens ($112,500). The same outcome would also be produced by substituting the

5

value of the NationsBank mortgage attributable to *Lehman's share* of the property ($82,500), in place of the value of the mortgage on the *whole* property ($165,000).

Although a literal reading of the text of § 522(f)(2)(A) would support Lehman's position, there is clear evidence that a literal interpretation would disserve the legislative intent behind the provision.

The legislative history demonstrates that in 1978, when Congress adopted the power of avoidance in § 522(f), its intention was only to entitle the debtor to the debtor's exemptions provided by § 522. As explained by the House Judiciary Committee in connection with the adoption of § 522(f):

> [T]he bill gives the debtor certain rights not available under current law with respect to exempt property. The debtor may void any judicial lien on exempt property, . . . [which] allows the debtor to undo the actions of creditors that bring legal action against the debtor shortly before bankruptcy. Bankruptcy exists to provide relief for an overburdened debtor. If a creditor beats the debtor into court, the debtor is nevertheless entitled to his exemptions.

H.R. Rep. No. 95-595, at 126-27 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6087-88. The Senate Judiciary Committee report supports this interpretation of the purpose of § 522(f), stating that § 522(f) "gives the debtor the ability to exempt property that the trustee recovers under one of the trustee's avoiding powers if the property was involuntarily transferred away from the debtor (such as by the fixing of a judicial lien) . . . ." S. Rep. No. 95-989, at 76 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5862.

6

Additional evidence is found in the legislative history to the 1994 amendments, which adopted the § 522(f)(2)(A) formula. The House Judiciary Committee report states that the formula in § 522(f)(2)(A) was "based upon" *In re Brantz*, 106 B.R. 62 (Bankr. E.D. Pa. 1989). H.R. Rep. No. 103-835, at 52 (1994), *reprinted in* 1994 U.S.C.C.A.N. 3340, 3361. The formula used by the court in *Brantz* based its calculation on the value of the "property"–as opposed to the value of the "debtor's interest in the property," as appears in § 522(f)(2)(A). *See Brantz,* 106 B.R. at 68. So, too, the bankruptcy court in this case calculated lien avoidance using the value of the whole property, not the value of the debtor's interest in the property. Because the bankruptcy court essentially employed the *Brantz* formula, upon which § 522(f)(2)(A) was "based," we are further persuaded that the deviation from the literal language of § 522(f)(2)(A) was consistent with the legislative intent.

The decision to depart from the statutory language accords with the recent decision of the First Circuit in a comparable case, *Nelson v. Scala*, 192 F.3d 32 (1st Cir. 1999). *But see In re Cozad*, 208 B.R. 495 (B.A.P. 10th Cir. 1997) (applying literal language of § 522(f)(2)(A) in similar scenario).

There was no error in declining to follow a literal application of the language of § 522(f)(2)(A) which would produce an absurd result and would violate the Congressional intent.

AFFIRMED.