**In re Russell L. WARE, Debtor.**

**Civ.A. No. 01–03635–W.**

United States Bankruptcy Court, D. South Carolina.

Oct. 26, 2001.

Stephen Thomas Schachte, Charleston, SC, for debtor.

Leo A. Dryer, Jr., Dalton H. Watkins, Columbia, SC, Wendi M. Freeman, Mount Pleasant, SC, Cynthia J. Lowery, Charleston, SC, for creditors.

1. Further references to the Bankruptcy Code shall be by section number only.

2. The Court notes that Debtor's schedule indicates several judicial liens encumbering his property. Following § 522(f)(2)(B), the Court will not include in its § 522(f)(2)(A) calculation the amounts of properly avoided judicial liens; consequently, the Court does not include the values of the following avoided junior judicial liens: Leasecom, Melissa Bryant, General Motors Acceptance Corporation (two liens) and Branch Banking and Trust Recovery. The Court considers these liens avoided after performing the calculation for each judicial lien junior to National's and determining

## ORDER

JOHN E. WAITES, Bankruptcy Judge.

■■■ THIS MATTER comes before the Court upon National Exterminating Company's ("National") Objection to Russell L. Ware's ("Debtor") Motion to Avoid Judicial Lien. National holds a judicial lien against Debtor in the amount of $65,035.39. Pursuant to 11 U.S.C. § 522(f)(1)[1], Debtor moves to avoid the judicial lien, and, in doing so, he urges the Court to apply the mathematical formula of § 522(f)(2)(A) literally. A literal application results in the following analysis: Debtor claims his interest in the property is $80,000 (Debtor owns a one-half interest as a tenant in common, and the parties stipulated the property's value is $160,000). The Court would then add the lien ($65,035.39) and all other liens on the property that have not been avoided (Bank of America, First Mortgage: $80,746.55; South-Trust Bank, Second Mortgage: $19,039.72; and Forshaw Distribution, Inc., Judicial Lien: $7,888.57, for a total of $107,674.84) and the amount of the exemption Debtor could claim if there were no liens on the property ($5,000.00). The sum of this computation is $177,710.23, and it exceeds the value of the Debtor's interest ($80,000.00). Thus, according to a literal application of the formula, Debtor can avoid National's judicial lien in its entirety.[2] *Cf.*

that those liens impaired Debtor's exemption. See *Dolan v. D.A.N. Joint Venture (In re Dolan),* 230 B.R. 642, 647 (Bankr.D.Conn.1999) (performing calculation under § 522(f)(2)(A) involving multiple judicial liens by beginning the avoidance process with the most junior liens and ruling that, once a lien had been avoided, its amount should be eliminated from further calculations); see also *Bank of Am. Nat'l Trust & Sav. Ass'n v. Hanger (In re Hanger),* 217 B.R. 592, 595 (9th Cir. BAP 1997), *aff'd* 196 F.3d 1292 (9th Cir.1999) (applying the same principle to fact situation involving multiple judicial liens). Accordingly, although Forshaw Distribution, Inc. failed

*In re Piersol*, 244 B.R. 309, 313 (Bankr. E.D.Pa.2000) (interpreting the formula literally by determining the debtor's share of the subject property was one-third and dividing the property's value accordingly but performing the remainder of the formula by not making any adjustments to the mortgages or liens); *Zeigler Eng'g Sales, Inc. v. Cozad (In re Cozad)*, 208 B.R. 495, 498 (10th Cir. BAP 1997) (dividing the fair market value of property jointly-owned by the debtor in half to reflect the debtor's interest and then applying § 522(f)(2)(A) by adding the total sum of mortgages and liens on the property). Although this result may seemingly produce a windfall to Debtor, courts applying this approach point to the plain language of the Bankruptcy Code and the principles of maximizing the fresh start for debtors and interpreting exemptions liberally as reasons for a literal application of this Code section.

In contrast, National objects to applying the formula literally on the grounds that to do so would be inequitable and go beyond the protection Congress sought to provide debtors. As support for its position, National cites a line of cases holding that, instead of a strict interpretation of the formula in § 522(f)(2)(A), courts should determine the debtor's property interest by first looking at the amount of the debtor's equity in the property and use this figure in the computation rather than using the debtor's share of the fair market value of the property encumbered by the judicial

lien. *See Lehman v. VisionSpan, Inc. (In re Lehman)*, 205 F.3d 1255, 1257 (11th Cir.2000); *Nelson v. Scala*, 192 F.3d 32, 33, 36 (1st Cir.1999). In sum, National urges the Court to depart from its precedent of applying a strict interpretation of § 522(f)(2)(A). *See In re Raines*, C/A No. 98–01463, 1998 WL 1986961, at 6 (Bankr. D.S.C. Apr. 24, 1998) (applying the formula literally); *see also In re Freeman*, 259 B.R. 104, 112 (Bankr.D.S.C.2001) (discussing the *Raines* precedent).

In revisiting this issue, the Court recognizes the two approaches, the strict or literal interpretation of § 522(f)(2)(A) and the debtor's equity analysis, and notes that, in *Freeman*, it discussed the development of both approaches. Under the facts of *Freeman*, the outcome was the same using either approach, and because the result was the same, the Court declined to question the validity of *Raines*, a prior unpublished opinion that, at the time it was entered, followed the majority approach and held that a strict interpretation was the proper way for the Court to resolve § 522(f)(2)(A) issues. *See* 259 B.R. at 112, 113

In the present case, however, the two approaches reach drastically different results. As noted previously, the literal application of § 522(f)(2)(A) avoids National's judicial lien completely. Yet, using the debtor's equity analysis, only part of the judicial lien is avoided.[3] Specifically, the

---

to object and, as a result, the Court on September 21, 2001 entered an Order avoiding its lien, the Court includes Forshaw's judicial lien in the calculation required by National's objection because Forshaw holds the most senior lien and, as a matter of law, would be entitled to priority over National to the equity in Debtor's property. Therefore, Forshaw's judicial lien should be considered not avoided for purposes of determining whether National's judicial lien impairs Debtor's exemption. For that reason, the Court vacates the prior

Order entered September 21, 2001 as to Forshaw's judicial lien to the extent it is inconsistent with this Order.

**3.** Section 522(f)(1) provides for partial lien avoidance, evidenced by its language that a debtor can avoid a lien "to the *extent* that such lien impairs an exemption" (emphasis added). *See also In re Porter*, C/A No. 98–10986–W, 1999 WL 33486084 at 3 (Bankr. D.S.C. May 26, 1999) ("The majority of Courts that have interpreted this provision

analysis is to subtract both mortgages ($80,746.55 and $19,039.72, totaling $99,786.27) from the value of Debtor's property ($160,000.00) to determine that equity exists in the amount of $60,213.73. Because Debtor owns a one-half interest in the property as a tenant in common, this equity is divided in half, and Debtor's interest in the property equals $30,106.86. The exemption ($5,000.00) is then deducted from Debtor's interest for a difference of $25,106.86. According to this analysis, judicial liens according to their priority would remain on Debtor's equity in the amount of $25,106.86, but the remainder of judicial liens would be avoided. *See Lehman,* 205 F.3d at 1257 (applying the formula used above).

From this context, the Court concludes it should reexamine its view on this issue and follow the debtor's equity approach.[4] In reaching this conclusion, the Court accepts that a literal application of the Code section would go beyond the legislative intent of entitling debtors to their exemptions. *See id.* This intent is satisfied by permitting debtors to avoid judicial liens to the extent of their exemptions. *See Nelson,* 192 F.3d at 34–35 (1st Cir.1999). However, by permitting the avoidance of judicial liens in full, courts would extend the protection Congress sought to provide debtors and distort priorities between

creditors. *See id.* at 35. Because the literal interpretation apparently produces a result at odds with Congressional intent as it should be applied in this case, this Court opts not to follow the literal language of the Code section. Second, the Court recognizes that, since the entry of *Raines,* the two Circuit Courts that have addressed this issue and similar facts have noted the incongruous result a literal interpretation can produce and ruled that a debtor's interest in property as provided by § 522(f)(2)(A) should be the amount of the debtor's equity and that the debtor's equity should be the starting point when analyzing a judicial lien avoidance issue.[5]

Therefore, it is

**ORDERED** that Debtor can avoid National's judicial lien to the extent of the amount of $47,817.10. Because Forshaw's judicial lien of $7888.57 has priority over National's judicial lien, it remains effective and is not avoided. National's judicial lien in the amount of $17,218.29 shall remain effective.[6]

**AND IT IS SO ORDERED.**

---

have found that a partial, rather than full, avoidance of a judicial lien is dictated when the arithmetic test of § 522(f) yields a partial impairment.").

4. This change has been reviewed with my colleague on the South Carolina bench, and he is in agreement with this approach.

5. In the Court's opinion, *Lehman* and *Nelson* represent the modern trend regarding this issue. See also *In re Kolich,* 264 B.R. 544, 551 (Bankr.W.D.Mo.2001) (applying the formula by first determining the amount of the debtors' equity in the property).

6. As stated earlier, the Court notes that, according to the Motions and Schedules, creditor Forshaw Distribution, Inc. has a judicial lien of $7,888.57 and that this judicial lien has priority over National's judicial lien. In calculating the lien avoidance formula as required by National's timely objection, the Court determines that, as a matter of law, Forshaw's judicial lien should not be avoided. Therefore, the Court vacates its prior Order regarding Forshaw's judicial lien to the extent it is inconsistent with this Order. To act otherwise would encourage subordinate judicial lien holders to object to debtor's motions in hopes that priority judgment holders would

not object and thus advance the objecting creditor to an equity position to which it would not otherwise be entitled.