**In re Frederick L. RADCLIFFE, Jr., Debtor.**

**No. 01–30822(3)7.**

United States Bankruptcy Court, W.D. Kentucky.

May 24, 2002.

Lisa Koch Bryant, Louisville, KY, for Bank One Kentucky.

Kathleen E. Hayes, Cincinnati, OH, for LPP Mortgage, Ltd.

William P. O'Brien, Louisville, KY, for Metropolitan Business Development Corp.

Richard A. Schwatz, Louisville, KY, for Frederick L. Radcliffe, Jr.

### *MEMORANDUM*

DAVID T. STOSBERG, Chief Judge.

This matter is before the Court on the motion of the Debtor to avoid the judgment lien of LPP Mortgage, Ltd. ("LLP") on a house and lot located at 2600 Six Mile Lane (the "Property"). The Court heard arguments of counsel and the parties agree upon the value, lien amounts, and priority of liens. For the reasons that follow, LPP's judgment lien is partially avoided.

## Factual Background

The parties stipulated to a fair market value of $250,000 for the Property. In order of priority, there is a lien for ad valorem real estate taxes of $15,000, a first mortgage on the Property in the amount of $180,000, LPP's judgment lien in the amount of $112,418.35, and a state tax lien of $56,548.03. The Debtor claimed an exemption of $6,000 and seeks avoidance of LPP's lien.

## Legal Analysis

■ The precise question for the Court is whether the priority of liens is considered in applying the formula under section 522(f) for avoidance of liens. The Debtor argues that using the simple mathematical formula of section 522(f)(2)(A), the exemption is impaired to the extent that the total of all liens on the property exceed the value of the property in the absence of liens. According to the Debtor, all liens on the property plus the exemption total $369,967.18, which exceeds the stipulated $250,000 value of the Property, and therefore, LPP's judgment lien should be avoided in its entirety. (See Exhibit A to docket # 41 for Debtor's calculation).

LPP, on the other hand, argues that the Court should ignore the state tax lien of $56,548.03 in applying the formula to this case, as LPP's lien has priority over the state tax lien. Using LPP's approach, the Property's value of $250.000, minus the first mortgage of $180,000, less the Debtor's $6,000 exemption, leaves $64,000 in equity remaining, and LPP asserts entitlement to a lien in that amount ($64,000). LPP's analysis results in the avoidance of $48,418.35 of its judgment lien as the portion which impairs the Debtor's exemption.

■ Section 522(f)(2)(A) provides that the calculation for determining impairment of the exemption includes the lien in question, all other liens and the debtor's

exemption. There is no mention in the statute of including ad valorem tax assessments, and any lien attaching to the Property from non-payment of these taxes constitutes a statutory lien, not a recorded lien. Statutory liens are not included in the Code's formula for calculating impairment, and therefore, the Court will not factor in the ad valorem real estate taxes on the Property of $15,000.

In 1994, Congress amended the lien avoidance section by adding a definition of impairment of an exemption, found in 11 U.S.C. § 522(f)(2)(A), providing:

> For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—
>
> > (i) the lien;
> >
> > (Ii) all other liens on the property; and
> >
> > (Iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
>
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

By devising this formula, Congress intended to clarify the application of the statute, overrule certain cases, and provide a simple arithmetic test to determine whether a lien impairs an exemption. *In re Holland,* 151 F.3d 547, 549 (6th Cir.1998) (citing, H. Rep. No. 103–835, at 52–53 (1994), *reprinted* in 1994 U.S.C.C.A.N. 3340, 3361–62). We do not believe, however, that Congress intended to alter state law lien priorities when it added the above section. The position espoused by the Debtor ignores the U.S. Constitution, specifically, the Fifth Amendment takings clause by eliminating existing property rights. *See In re Dolan,* 230 B.R. 642, 647 (Bankr.D.Conn. 1999) (citing, *U.S. v. Security Industrial Bank,* 459 U.S. 70, 78, 103 S.Ct. 407, 74

L.Ed.2d 235 (1982), where the Supreme Court stated, "It is a cardinal principle that this Court will first ascertain whether a construction of the statute is fairly possible by which the constitutional question may be avoided.").

■ We therefore join the courts that construe the language of the statute to prevent the unjust result produced by merely totaling all liens and the exemption; otherwise, LPP's lien would be avoided in its entirety, which would produce a windfall to the Debtor. *See In re Lehman*, 205 F.3d 1255 (11th Cir.2000); *Nelson v. Scala*, 192 F.3d 32 (1st Cir.1999); *In re Ware*, 274 B.R. 206 (Bankr.D.S.C.2001); and *In re Dolan*, 230 B.R. 642 (Bankr. D.Conn.1999). As the court in *Dolan* explained,

> While the calculation prescribed in § 522(f)(2)(A) makes no explicit reference to the priority position of any of the liens included in the calculation, the iterative nature of the formula, as defined under § 522(i)(2)(B) for property subject to more than one lien, implicitly requires a determination of the relative priorities of at least the judicial liens. Since the formula is to be applied repeatedly, eliminating each lien previously avoided from the subsequent calculations, the order in which they are eliminated is material. Those rulings purporting to apply the formula literally implicitly recognize the priority order of liens established under state law—applying the formula consecutively, starting with the most junior of the judicial lens and avoiding one judicial lien (or part thereof) at a time, until the formula indicates no further impairment. (Internal citations omitted).
>
> Since state law priority determines the order in which judicial liens be avoided, the court concludes, under the circumstances of this case, that the formula be

applied to *exclude* junior nonavoidable liens in the computation of whether Cadle's judgment lien impairs Raymond's exemption, thereby avoiding the constitutional issue.

*In re Dolan*, 230 B.R. at 647.

### Conclusion

The Court concludes that the priority of liens is material to considering a lien avoidance motion under 11 U.S.C. § 522(f). In this case, we must exclude from the calculation the state tax lien which is junior in priority to the lien of LPP and any previous avoided liens on the Property. Thus, we apply the formula as follows:

| | | |
|---|---|---:|
| | Lowest Priority Judicial Lien Remaining (LLP's lien): | $112,418 |
| + | Sum of All Other Encumbrances Senior To Lien Above: | $180,000 |
| + | Debtors Exemption: | $ 6,000 |
| | | = $298,418 |
| − | Value of Property: | $250,000 |
| = | Amount Impairing Exemption: | = $ 48,418 |

Based on the formula above, LLP's lien is avoided in the amount of $48,418 and LPP retains a lien on the property in the amount of $64,000.

We have entered an order this same date consistent with the findings and conclusions of this Memorandum.