

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-6-2002

# Miller v. Sul

Precedential or Non-Precedential: Precedential

Docket No. 01-2799

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Miller v. Sul" (2002). *2002 Decisions.* Paper 479.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/479

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

        Filed August 6, 2002

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-2799

IN RE: GARY M. MILLER,

        Debtor

GARY M. MILLER,

        Appellant

v.

OKMI SUL
a/k/a
OKMI GARNER

RONDA J. WINNECOUR, Esq.,

        Trustee

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 00-00334E)
District Judge: Honorable Sean J. McLaughlin

Submitted under Third Circuit LAR 34.1(a)
July 12, 2002

BEFORE: SCIRICA and GREENBERG, Circuit Judges ,
and FULLAM, District Judge*

(Filed: August 6, 2002)

_____

* Honorable John P. Fullam, Senior Judge of the United States District
Court for the Eastern District of Pennsylvania, sitting by designation.


        Michael J. Graml
        714 Sassafras Street
        Erie, PA 16501

         Attorney for Appellant

        Craig A. Markham
        Elderkin, Martin, Kelly & Messina
        150 East 8th Street
        Erie, PA 16501

         Attorneys for Appellee

OPINION OF THE COURT

GREENBERG, Circuit Judge:

This matter comes on before this court on appeal from an
order entered by the district court on June 7, 2001, in
accordance with its accompanying memorandum opinion
affirming an order of the bankruptcy court entered
September 14, 2000, in a bankruptcy proceeding involving
the estate of Gary M. Miller, the debtor, who filed for
protection under Chapter 13 of the Bankruptcy Code on
November 4, 1999. Miller's assets include his home at 311
Crescent Drive, Erie, Pennsylvania, in which he owns an
undivided, one-half interest as a joint tenant with Ms. Kum
Pierce who is not a party to the bankruptcy and to whom
he is not married. The undisputed estimated market value
of the residence is $100,000.00, but there is an
outstanding mortgage balance of $74,703.92 on the
premises. Miller claims an exemption of $8,075.00 in the
residence under 11 U.S.C. S 522(d)(1), a figure which is not
in dispute.

On June 24, 1999, appellee Okmi Sul obtained a
judgment against Miller in the Court of Common Pleas of
Erie County, Pennsylvania, for of $57,768.31.1 Following

_____

1. In this opinion we are using the numbers used by the bankruptcy and
district courts. The actual amounts might be different now and Sul
points out that her judgment had been increased by post-judgment
interest and costs before Miller filed his Chapter 13 petition. We also
note that there are slight discrepancies on which we will not dwell
involving mere pennies.

2

the filing of his Chapter 13 petition, Miller filed a motion
seeking to avoid this lien in its entirety under 11 U.S.C.
S 522(f)(1)(A), which authorizes the avoidance of certain
judicial liens "to the extent that such lien impairs an
exemption to which the debtor would have been entitled."
The bankruptcy court determined that the lien impaired the
exemption only in part and that $4,573.00 of the lien was
unavoidable. On Miller's appeal the district court affirmed
and he now has appealed to this court.2

Miller asserts that the judgment lien impairs his
exemption and is therefore avoidable in its entirety under
11 U.S.C. S 522(f)(1)(A).3 However, according to Sul,
additional equity remains to which her lien may attach even
after Miller's exemption is allowed in full. Thus, we must
determine how to value Miller's interest in a residence that
he owns jointly with a non-debtor.

Section 522(f)(2)(A) sets forth the following formula to
determine the extent that an avoidable lien impairs an
exemption:

        For the purposes of this subsection, a lien shall be

        considered to impair an exemption to the extent that
        the sum of --

        (i)  the lien;

        (ii)  all other liens on the property; and

        (iii) the amount of the exemption that the debtor
        could claim if there were no liens on the property;

        exceeds the value that the debtor's interest in the
        property would have in the absence of any liens.

Miller contends that, under the plain meaning of the
statute, the proper calculation should be:

_____

2. The district court had jurisdiction pursuant to 28 U.S.C. S 158(a), and
we have jurisdiction under 28 U.S.C. SS 158(d) and 1291.

3. We are exercising plenary review as the issue on this appeal raises a
question of law. See In re O'Brien Envtl. Energy, Inc., 188 F.3d 116, 122
(3d Cir. 1999).

        the judgment lien                              $57,768.31
        the entire mortgage balance                     74,703.92
        Debtor's exemption                               8,075.00
                                                       $140,547.23

Inasmuch as this total exceeds what would be the value of
Miller's interest in the property absent any liens, $50,000,
by $90,547.23, he argues that the judgment lien must be
avoided entirely.

Miller's calculations, however, do not take into account
with respect to the amount of "all other liens on the
property" the circumstance that he owns the residence
jointly with Pierce so that the mortgage encumbers both
joint tenants' interests in the property, not merely Miller's.
In fact, the value of the entire property, $100,000.00, less
the amount of the mortgage debt, $74,703.92, leaves
$25,296.08 in equity. Thus, as a co-owner, Miller's share of
the equity is $12,648.04. Subtracting Miller's $8,075.00
exemption from his share of the equity leaves a surplus of
$4,573.04 to which the judgment lien may attach.

The foregoing result would be reached if Miller's
calculations are modified by using in the formula the
portion of the debt the mortgage secures attributable to
Miller's share of the property, $37,351.96, in place of the
total debt secured by the mortgage, $74,703.92. 4 Then the
total of (i) (ii) and (iii) under section 522(f)(2)(A) would be
$103,195.27. That sum, $103,195.27, would exceed the
value of Miller's interest in the property in the absence of
any liens, $50,000, by $53,195.27, so that the lien would

_____

4. As the bankruptcy court stated, under the statutory language:

>    (i)  the 'lien' is the $57,768 judgment against the Debtor's $50,000 one-half interest, and

>    (ii) 'all other liens on the property' is one-half of the $74,703 mortgage, because

>    (1) 'property' means the property of the Debtor (the $50,000 half interest), and

>    (2) 'all other liens on the property' means one half of the $74,703 mortgage ($37,351) . . . .

Mem. Op. at 6.

4

impair the exemption to that extent. Therefore the lien would not impair the exemption to the extent that the amount of the lien, $57,768.31 exceeds $53,195.27, i.e., $4,573.04.

We have not yet addressed the issue this appeal raises and we note that there is a division of authority on the point. The Bankruptcy Appellate Panel of the Tenth Circuit has adopted Miller's approach, focusing on the literal meaning of the statute, in In re Cozad, 208 B.R. 495 (B.A.P. 10th Cir. 1997). See also In re Piersol, 244 B.R. 309 (Bankr. E.D. Pa. 2000). However, the Courts of Appeals for the First and Eleventh Circuits and the Bankruptcy Appellate Panel of the Ninth Circuit follow the approach Sul advances as they have concluded that a literal application of section 522(f)(2)(A) would lead to an absurd result when a debtor owns property jointly with a non-debtor. See In re Lehman, 205 F.3d 1255 (11th Cir. 2000); Nelson v. Scala , 192 F.3d 32 (1st Cir. 1999); In re Nielson, 197 B.R. 665 (B.A.P. 9th Cir. 1996). See also In re Ware, 274 B.R. 206 (Bankr. D.S.C. 2001); In re Abrahimzadeh, 162 B.R. 676 (Bankr. D.N.J. 1994).

We conclude, consistently with the majority of the courts addressing the issue, that what might be characterized as a literal application of section 522(f)(2)(A), in particular section 522(f)(2)(A)(ii), produces an illogical result where a debtor owns property jointly with a non-debtor. It is illogical to net the total outstanding secured debt balance attributable to both a debtor and his joint tenant against the debtor's one-half interest in the property alone because Congress could not have intended that a debtor benefit under section 522(f)(2)(A) by the use of what realistically should be regarded as someone else's debt even if the debtor may be liable personally to the creditor for the entire debt. Such a mechanical application of section 522(f)(2)(A) would provide a windfall to the debtor at the expense of a secured creditor.

In our view, the correct approach is to view the debtor as owning one half of the property to which one half of the

mortgage debt is thus attributable and therefore to regard
"property" in subsection (ii) to mean the debtor's interest in
the property and then to allocate the lien among the

5

interests in the property proportionately. In this case,
inasmuch as Miller has a one-half interest in the property,
one half of the lien should be allocated to him. In reaching
our result we are in agreement with the Court of Appeals
for the Eleventh Circuit which in Lehman explained that the
similar result that it was reaching there was correct
because "a literal interpretation [of section 522(f)(2)(A)]
would disserve the legislative intent behind the provision"
and "would produce an absurd result and would violate the
Congressional intent." Lehman, 205 F.3d at 1257-58.

For the foregoing reasons we will affirm the order of June
7, 2001.

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit

6